**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| AMANDA FUISZ<br>Plaintiff,<br><br>v.<br><br>DATADOG, INC.<br>Defendant. | Civil Action No. 24cv1568 (APM) |

# JOINT STATUS REPORT

Plaintiff Amanda Fuisz ("Plaintiff" or "Ms. Fuisz") and Defendant Datadog, Inc. ("Defendant" or "Datadog"), pursuant to the Court's June 4, 2024, Order for Initial Scheduling Conference, and in accordance with Local Rule 16.3 and Federal Rule of Civil Procedure 26(f), together submit this Joint Status Report.

## Brief Statement of the Case

Plaintiff alleges discrimination based on disability, and retaliation for complaining about disability-based discrimination under the District of Columbia Human Rights Act, D.C. Code § 2-1402.01 *et seq.*

## Local Rule 16.3 and Federal Rule of Civil Procedure 26(f) Items

The parties have conferred regarding the following topics, and respond as follows:

(1) Whether the case is likely to be disposed of by dispositive motion; and whether, if a dispositive motion has already been filed, the parties should recommend to the Court that discovery or other matters should await a decision on the motion.

**Response**: The parties do not expect to file dispositive motions at this stage. As noted below in connection with its response to No. 6 below, Defendant may file a Motion for Summary Judgment at or near the close of discovery.

(2) The date by which any other parties shall be joined or the pleadings amended, and whether some or all the factual and legal issues can be agreed upon or narrowed.

**Response**: The parties do not expect to join other parties, nor do they expect to amend the pleadings.

(3) Whether the case should be assigned to a magistrate judge for all purposes, including trial.

**Response**: The parties have agreed that they do not consent to a magistrate judge for any purpose in this case.

(4) Whether there is a realistic possibility of settling the case.

**Response**: The parties have conferred regarding settlement and agree that there is a possibility of settling this matter.

(5) Whether the case could benefit from the Court's alternative dispute resolution (ADR) procedures (or some other form of ADR); what related steps should be taken to facilitate such ADR; and whether counsel have discussed ADR and their response to this provision with their clients. In assessing the above, counsel shall consider:

(i) the client's goals in bringing or defending the litigation;

(ii) whether settlement talks have already occurred and, if so, why they did not produce an agreement;

(iii) the point during the litigation when ADR would be most appropriate, with special consideration given to:

(aa) whether ADR should take place after the informal exchange or production through discovery of specific items of information; and

(bb) whether ADR should take place before or after the judicial resolution of key legal issues;

(iv) whether the parties would benefit from a neutral evaluation of their case, which could include suggestions regarding the focus of discovery, the legal merits of the claim, an assessment of damages and/or the potential settlement value of the case; and

(v) whether cost savings or any other practical advantages would flow from a stay of discovery or of other pre-trial proceedings while an ADR process is pending.

**Response**: The parties have conferred regarding mediation and agree that mediation in this case could be productive, especially if done as early as practicable. The parties have further agreed that they will use a neutral third-party mediator, and in an effort to increase the likelihood of settlement, request that the Court order a stay of discovery and pre-trial proceedings while the early ADR process is pending.

(6) Whether the case can be resolved by summary judgment or motion to dismiss; dates for filing dispositive motions and/or cross-motions, oppositions, and replies; and proposed dates for a decision on the motions.

**Response**: Defendant reserves its right to file a Motion for Summary Judgment at or about the close of discovery. Plaintiff does not expect to file any such Motion.

(7) Whether the parties should stipulate to dispense with the initial disclosures required by Fed. R. Civ. P. 26(a)(1), and if not, what if any changes should be made in the scope, form or timing of those disclosures.

**Response**: The parties stipulate to dispense with the initial disclosures required by Fed. R. Civ. P. 26(a)(1).

(8) The anticipated extent of discovery, how long discovery should take, what limits should be placed on discovery; whether a protective order is appropriate; and a date for the completion of all discovery, including answers to interrogatories, document production, requests for admissions, and depositions.

**Response**: The parties have agreed to propose a four (4) month discovery period and the parties will provide a joint status report regarding discovery deadlines, in the event that mediation is unsuccessful. The parties conferred and have agreed that discovery will be fairly limited, given the claims and timeline of the events at issue. Defendant has discussed with Plaintiff that it anticipates requesting the entry of a protective order. Plaintiff does not object to the same.

(9) Any issues about disclosure, discovery, or preservation of electronically stored information, including the form or forms in which it should be produced.

**Response**: The parties anticipate producing documents in accordance with standard ESI procedures, and have not identified any issues regarding disclosure, discovery, or preservation, at this stage. To the extent this changes, which is not anticipated, the parties are committed to working together to resolve the same.

(10) Any issues about claims of privilege or of protection as trial-preparation materials, including- if the parties agree on a procedure to assert these claims after production- whether to ask the court to include their agreement in an order under Federal Rule of Evidence 502.

**Response**: The parties have not identified any issues about claims of privilege or of protection as trial preparation materials. Defendant will request that the Court enter an order under Federal Rule of Evidence 502 given Plaintiff's position (and potential witnesses' positions) as an in-house lawyer at the company.

(11) Whether the requirement of exchange of expert witness reports and information pursuant to Fed. R. Civ. P. 26(a)(2), should be modified, and whether and when depositions of experts should occur.

**Response**: The parties do not expect to call expert witnesses.

(12) In class actions, appropriate procedures for dealing with Rule 23, Fed. R. Civ. P. proceedings, including the need for discovery and the timing thereof, dates for filing a Rule 23 motion, and opposition and reply, and for oral argument and/or an evidentiary hearing on the motion and a proposed date for decision.

**Response**: This case is not a class action, and therefore No. 12 is inapplicable.

(13) Whether the trial and/or discovery should be bifurcated or managed in phases, and a specific proposal for such bifurcation.

**Response**: The parties agree that trial and discovery in this case should not be bifurcated or managed in phases.

(14) The date for the pretrial conference (understanding that a trial will take place 30 to 60 days thereafter).

**Response**: The parties agree to request that the pretrial conference take place in early-to-mid 2025.

(15) Whether the Court should set a firm trial date at the first scheduling conference or should provide that a trial date will be set at the pretrial conference from 30 to 60 days after that conference.

**Response**: The parties request that the Court set a firm trial date at the scheduling conference.

(16) Such other matters that the parties believe may be appropriate for inclusion in a scheduling order.

**Response**: The parties do not have any further matters to include in the scheduling order.

Dated this 28th day of June 2024.

Respectfully submitted,

/s/ *Michelle Lipkowitz*
Michelle Lipkowitz, Esq.
(D.C. Bar No. 90013148)
Danielle Bereznay, Esq.
(D.C. Bar No. 1617804)
Mintz, Levin, Cohn, Ferris,
Glovsky & Popeo, P.C.
555 12th Street NW, Suite 1100
Washington, D.C. 20004
(202) 434-7300
MNLipkowitz@mintz.com
DMBereznay@mintz.com

*Attorneys for Defendant Datadog, Inc.*

/s/ *David w. Blum*
David W. Blum, Esq.
(D.C. Bar No. 1029697)
Alan Lescht and Associates, P.C.
1825 K Street, NW, Suite 750
Washington, DC 20006
(202) 315-1730
David.Blum@leschtlaw.com

*Attorney for Plaintiff Amanda Fuisz*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 28th day of June 2024, I electronically filed the foregoing **Joint Status Report** with the Clerk of Court using the Pacer/ECF system, and served on the following counsel of record:

David W. Blum
Alan Lescht and Associates, P.C.
1825 K Street, NW, Suite 750
Washington, DC 20006
(202) 315-1730
David.Blum@leschtlaw.com

/s/ *Michelle Lipkowitz*
Michelle Lipkowitz